UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>STEVEN GRIMM, et al.,<br><br>Defendant(s). | Case No. 2:08-CR-64 JCM (GWF)<br><br>**ORDER** |

Presently before the court is pro se defendant Christina R. Thompson's ("defendant") motion to seal all records. (ECF No. 770). The government moves for leave to file (ECF No. 775) an untimely response (ECF No. 776).

Also before the court is defendant's letter—styled as a motion—requesting the court remove total restitution without tax consequences. (ECF No. 771). The government filed a response (ECF No. 777).

First, the court acknowledges that petitioner filed her motion and submitted her letter pro se. On one hand, "the standard practice of federal courts is to interpret filings by pro se litigants liberally and to afford greater latitude as a matter of judicial discretion." *Ricotta v. California*, 4 F. Supp. 2d 961, 986 (S.D. Cal. 1998). On the other hand, this court "lacks the power to act as a party's lawyer, even for pro se litigants." *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007). Further, "[t]he right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *Faretta v. Cal.*, 422 U.S. 806, 834 (1975); *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984) ("A pro se defendant is subject to the same rules of procedure and evidence as defendants who are represented by counsel.").

**James C. Mahan**
**U.S. District Judge**

1    Pursuant to this court's local rules, "[t]he failure of a moving party to include points and
2 authorities in support of the motion constitutes a consent to denying the motion." LCR 47-3.
3 Defendant did not include a memorandum of points and authorities to support either her motion or
4 her letter request.  Defendant did not discuss the propriety of sealing her criminal records or even
5 mention the Ninth Circuit's holding in *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172,
6 1178 (9th Cir. 2006), which is binding on this court.  Defendant does not address 18 U.S.C.
7 § 3664(f)(1)(A), which requires the court to "order restitution to each victim in the full amount of
8 each victim's losses as determined by the court **and without consideration of the economic**
9 **circumstances of the defendant**."  18 U.S.C. § 3664(f)(1)(A) (emphasis added).

10    Accordingly,

11    IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to seal
12 (ECF No. 770) be, and the same hereby is, DENIED.

13    IT IS FURTHER ORDERED that defendant's request to remove total restitution (ECF No.
14 771) be, and the same hereby is, DENIED.

15    IT IS FURTHER ORDERED that the government's motion for leave to file a response
16 (ECF No. 775) be, and the same hereby is, DENIED as moot.

17    DATED June 5, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -